```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
DELROY HARDIE,

                    Plaintiff,
                                                        MEMORANDUM AND ORDER
         -against-                                      Case No. 17-CV-01201 (FB) (RLM)

THE UNITED STATES OF AMERICA
and THE UNITED STATES POSTAL
SERVICE

                    Defendants.
--------------------------------------------------x
```

Appearances:
*For the Plaintiff:*            *For the Defendants:*
ADAM J. ROTH                    RICHARD P. DONOGHUE
Law Offices of Adam J. Roth     United States Attorney
26 Court Street, Suite 913      Eastern District of New York
Brooklyn, New York  11242       271 Cadman Plaza East, 7th Floor
                                Brooklyn, New York  11201
                                By: DARA A. OLDS

**BLOCK, Senior District Judge:**

The United States of America, the United States Postal Service ("USPS"), and Roberto Richards (collectively, "Defendants") move to dismiss this Federal Torts Claims Act ("FTCA") action, *see* 28 U.S.C. §§ 1346, 2671 *et seq*., for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants contend that the Court lacks jurisdiction because Plaintiff Delroy Hardie's claim was not properly presented to the USPS as required by 28 U.S.C. § 2675. The Court agrees and dismisses the action.

1

## I.

Hardie alleges that on March 6, 2015, he was sitting in a parked car when it was sideswiped by a USPS truck operated by Richards. On April 8, 2016, Hardie submitted a "Standard Form 95" ("SF-95"),[1] claiming $20,000,000 in personal injury damages. Hardie claimed that he "has had a lumbar fusion of the L3-L4 spine" and "suffered multiple injuries to the head, neck, back, arms, knees, legs, feet, internal and external injuries to the whole body, [and] lower and upper extremities." In support, Hardie attached a police accident report and a four-page "operative report," which described the L3-L4 fusion and noted complaints of pain in the lower back and left leg. The operative report did not mention the other injuries and did not include any estimation of costs.

By later dated May 5, 2016, the USPS requested that Hardie provided additional information, including "a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis and the period of hospitalization or incapacitation." In addition, the USPS requested that Hardie include "itemized bills for medical, hospital, or burial expenses actually incurred." Hardie did not respond to this letter. On February 2, 2017, the USPS wrote to him a second time,

---

[1] The SF-95 is a form provided by the Department of Justice that can be used to satisfy the "presentment" requirement of the FTCA. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a).

requesting the same documentation. After Hardie again failed to respond, his request was finally denied by letter dated March 23, 2017.

## II.

As a precondition to filing a lawsuit, § 2675(a) requires claimants to "first present[] the claim to the appropriate Federal agency." Only after a final denial of the claim by the agency is the claimant allowed to sue. The United States argues that this "presentment" requirement is jurisdictional. Hardie disagrees and further argues that he met the requirement even if it is jurisdictional. Whether the requirement is jurisdictional is a threshold question because the burden to show jurisdiction is on the party asserting it. *Shenandoah v. Halbritter*, 366 F.3d 89, 91 (2d Cir. 2004). Thus, if the presentment requirement is jurisdictional, the burden is on Hardie to show that he met the requirement. The Court holds that the presentment requirement is jurisdictional and that Hardie did not fulfill it.

## A.

Because the FTCA is a waiver of the United States' sovereign immunity, it is "not to be 'liberally construed,'" *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992), and the procedural requirements imposed by Congress must be strictly respected by the courts, *see Dolan v. USPS*, 546 U.S. 481, 492–93 (2006). Accordingly, the Second Circuit has repeatedly held that the presentment requirement is jurisdictional. *See, e.g., Romulus v. United States*, 160 F.3d 131 (2d

Cir. 1998) (per curiam); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983) ("The requirement that a notice of claim be filed is jurisdictional and cannot be waived. Moreover, because the FTCA constitutes a waiver of sovereign immunity, the procedures set forth in Section 2675 must be adhered to strictly." (internal citations omitted)).

Hardie points to a more recent Supreme Court case, *United States v. Wong*, 135 S. Ct. 1625 (2015), for the view that the requirement is non-jurisdictional. *Wong*, however, only held that the FTCA's statute of limitations, prescribed by 28 U.S.C. § 2401, are subject to equitable tolling. *Wong*'s reasoning was based on the unique nature of statutes of limitations and thus do not extend to the presentment requirement. Hardie's reliance on lower court cases that cite *Wong* are therefore unavailing because they only discuss the time bar.[2] The Court adheres to circuit precedent in holding that the presentment requirement is jurisdictional.

B.

Hardie has not met his burden of establishing the Court's jurisdiction. Presentment requires that the claimant allows the agency to investigate the claim and

---

[2] *See Casella v. United States*, 642 F. App'x 54, 55–56 (2d Cir. 2016) (acknowledging that time bar is non-jurisdictional after *Wong*); *Torres v. United States*, 612 F. App'x 37, 40–41 (2d Cir. 2015) (district court should have dismissed pursuant to Rule 12(b)(6) instead of 12(b)(1) because the FTCA's time bar is not jurisdictional after *Wong*); *Marcus v. USPS*, 14-CV-00330, 2015 WL 2389955 (E.D.N.Y. May 20, 2015) (same).

its strength. Hardie's threadbare SF-95 submission followed by repeated silence in the face of the USPS's requests for additional information deprived the agency of its right to investigate his claims.

The facts of this case are similar to those in *Romulus v. United States*. Here, as in *Romulus*, Hardie declined to provide the agency with sufficient information to evaluate the worth of his claim, asserting in conclusory fashion multiple undocumented injuries and their financial cost. *See* 983 F. Supp. 336, 342 (E.D.N.Y. 1997) ("[N]one of the relevant information that would provide the government with a basis to evaluate the claim is within its possession. Moreover, the little information that was presented was presented in a conclusory form, making it essentially impossible to evaluate the claim."). Affirming *Romulus* on appeal, the Second Circuit explained: "[T]he mere act of filing a SF 95 does not necessarily fulfill the presentment requirement of § 2675(a). A claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate." 160 F.3d at 132.

Hardie counters that his operative report "detailed a litany of diagnoses," the value of which "is readily obtainable" by the government. The operative report, however, only addresses some aspects of the claimed injuries to Hardie's back and left leg, which are themselves only a small subset of the injuries described on the SF-95. There is no documentation concerning the remaining injuries. Further, even

5

as to the injuries described in the operative report, it is Hardie's burden to provide evidence of the value of his claims, rather than the government's burden to discover them. *See Hewitt v. United States*, No. 10-CV-5774, 2011 WL 2419856, at *3 (S.D.N.Y. June 6, 2011) (presentment requirement not met where plaintiff did not submit costs of medical expenses, arguing that agency could estimate the costs); *accord In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both plead and prove compliance with the statutory requirements."). Hardie provides no authority for the opposite view.

Accordingly, Hardie has not satisfied the presentment requirements of § 2675.

### III.

For the foregoing reasons, the Court grants the motion to dismiss, without prejudice.[3]

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 23, 2018

---

[3] The dismissal is without prejudice because Hardie has sixty days to properly present his claims to the agency following dismissal. *See* 28 U.S.C. § 2679(d)(5).